**FILED**

**2021 SEP 15 PM 2:53**

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

James Alexander
13535 Ventura Blvd, STE C405
Sherman Oaks, CA 91423

Judge Dorsey
Attn: Robert Cavello
824 N Market St, 5th Floor, Courtroom 5
Wilmington, DE 19801
Sent by email: Robert_Cavello@deb.uscourts.gov

September 9, 2021

Re: Alexander, James, Case No.: 21-10683, Objection to the Motion of Trustee for the Sale of our House at 3551 Dixie Canyon Place, Sherman Oaks, CA 91423

Judge Dorsey,

I am writing to object to the motions filed by Alfred Giuliano, Trustee, on August 31, 2021 related to the sale of our house.

1. Intention to Purchase the Property – My wife, Aliyah Wan Alexander indicated interest in purchasing the property around July 25, 2021, and this was communicated to the Trustee no later than July 28, 2021. No subsequent communication from the Trustee or his counsel was received by my wife or myself related to the sale of the property until the August 31, motion by the Trustee to sell the property.

2. Price Discovery – Our house was originally listed for sale around May 9, 2021 and has been shown to dozens of prospective buyers. There have been multiple offers below the asking price of $1,349,000; none of which have advanced beyond preliminary offer. The Trustee or his counsel claim to have a buyer willing to pay tens—or hundreds—of thousands of dollars above the asking price. The Trustee or his counsel have misled potential buyers by failing to disclose my wife's intention to purchase the property. The

Trustee has therefore manufactured an artificially high purchase price. A third-party appraisal and input from the selling agent on price needs to be ordered.

3. Closing Date – The lack of information on the sale process from the Trustee has prevented my wife preparing financing for the purchase of the house. As pro se in this case, I am also at a serious disadvantage with no legal or bankruptcy experience. The result is we will need time to react. The Trustee or his counsel need to provide me and my wife with information that will allow a bona fide sale process to move forward. To date, neither the Trustee nor his counsel has shared sufficient information that would allow my wife to purchase the property, for example a closing date or purchase price.

4. Malpractice – It has become apparent my original California bankruptcy counsel committed multiple acts of malpractice, not least filing a homestead exemption of up to $600,000. In late July 2021, it was revealed the actual homestead exemption should be capped at $175,000. I am currently speaking with lawyers about a malpractice claim.

5. Complaint – A complaint was filed by the US Trustee against me on the deadline date of August 30, 2021. How this relates to the Trustee's motions needs to be determined. I am still working to secure counsel related to my bankruptcy.

Sincerely,

James Alexander